**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

DARNELL NASH,                          )
                                       )
      Petitioner,                   )
                                       )
-vs-                                   )    Case No. CIV-20-160-F
                                       )
WARDEN OKLAHOMA                        )
TRANSFER CENTER,                       )
                                       )
      Respondent.                  )

## ORDER

Petitioner is a federal prisoner proceeding *pro se*.[1]  She commenced this action by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241.  Doc. no. 1.  The matter was referred to United States Magistrate Judge Suzanne Mitchell for review in accordance with 28 U.S.C. § 636.  Doc. no. 4.  Subsequently, petitioner filed amended petitions and a supplement.  Doc. nos. 7, 8 and 14.  Petitioner also filed a motion, under Rule 23(a), Fed. R. App. P., seeking to enjoin her transfer from the Federal Transfer Center in Oklahoma City, Oklahoma to the Federal Correctional Institution in Yazoo City, Mississippi, and a motion for an order requiring the production of documents under "Habeas Rule 6."  Doc. nos. 6 and 13.

After the issuance of two orders requiring petitioner to either pay the $5.00 filing fee or apply for leave to proceed without prepayment of the filing fee,

---

[1] Petitioner is a transgender female.  She pleaded guilty to numerous charges of mail and wire fraud, identity theft, and money laundering and was sentenced by the United States District Court for Northern District of Ohio to imprisonment for 175 months.  Petitioner's sentence was affirmed by the Sixth Circuit.  United States v. Nash, 648 Fed. Appx. 589 (6th Cir. 2016).

petitioner paid the filing fee.  Shortly thereafter, Magistrate Judge Suzanne Mitchell examined petitioner's filings and issued a Report and Recommendation, recommending dismissal without prejudice of the petition, amended petitions and supplement.  Doc. no. 16.  Magistrate Judge Mitchell indicated that adopting the Report and Recommendation would moot the outstanding motions.

Initially, in the Report and Recommendation, Magistrate Judge Mitchell found that petitioner's pleadings challenged her counsel's performance at sentencing.  Such challenge, Magistrate Judge Mitchell concluded, had to be brought under 28 U.S.C. § 2255.  Because petitioner had previously sought relief from the sentencing court, the Northern District of Ohio, under § 2255 and had not sought authorization from the circuit court for the district court to consider her relief under § 2255, Magistrate Judge Mitchell determined that the court lacked jurisdiction to address the merits of petitioner's claims.

Next, Magistrate Judge Mitchell found that petitioner's pleadings also challenged her confinement.  Such challenge, Magistrate Judge Mitchell stated, had to be brought under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Lastly, Magistrate Judge Mitchell found that petitioner's pleadings, liberally construed, also appeared to challenge the execution of her sentence under § 2241. Magistrate Judge Mitchell pointed out that petitioner claimed "the [Bureau of Prisons'] placement has resulted in her enduring repeated rapes and sexual assaults, and that the 'BOP cannot adequately address [petitioner's] extreme vulnerability to victimization[.]'"  Doc. no. 16, ECF p. 5.[2]  Magistrate Judge Mitchell, however, concluded that petitioner's challenge was moot since she has been transferred to the

---

[2] In her pleadings, petitioner alleges that she has been raped and violently sexually assaulted 135 times.  Doc. nos. 7 and 14.  According to petitioner, a Bureau of Prisons' guard has pleaded guilty to having raped petitioner.  Doc. nos. 7 and 14.

correctional facility in Yazoo City and that transfer deprives this court of enforcing any effectual relief that might be available.

Presently before the court is petitioner's objection to Magistrate Judge Mitchell's Report and Recommendation. Doc. no. 20. Petitioner objects to Magistrate Judge Mitchell's determination that the court cannot adjudicate the collateral attack on her sentence under § 2241. She contends that she is seeking relief under § 2241 based upon the "savings clause" of § 2255(e), which Magistrate Judge Mitchell failed to address. According to petitioner, the remedy provided under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of her detention because the district court in Ohio failed to address 22 ineffective assistance of counsel claims alleged in her initial § 2255 motion.[3] Petitioner contends that relief under the § 2255(e) savings clause is compelled by the canon of constitutional avoidance. Petitioner also asserts that barring relief under § 2241 would violate her rights under the Suspension Clause, Due Process Clause and the Eighth Amendment and result in a fundamental miscarriage of justice. Petitioner additionally argues that the court should address her claims based upon actual innocence analysis. Further, petitioner argues that the court does have jurisdiction to address her § 2241 petition based upon the savings clause of § 2255(e) because jurisdiction attached upon the filing of her habeas petition. Petitioner also points out that anticipating a possible transfer to another facility, she had requested the court, after the filing of her petition, to enjoin her transfer, and with her objection, she has moved the court to order the Bureau of Prisons to transfer her back to the Federal Transfer Center. *See*, doc. no. 19. Finally, in addition to her objection, petitioner has moved for an evidentiary hearing and oral argument regarding her claims. Doc. no. 21.

---

[3] Petitioner also states that the district court denied her motion under Rule 60(b), Fed. R. Civ. P., requesting resolution of the unadjudicated claims.

3

Initially, the court finds that petitioner's motion requesting an order transferring her back to the Federal Transfer Center should be dismissed for lack of jurisdiction.  Section 3621(b) of Title 18 of the United States Code provides that the Bureau of Prison "has the authority to designate where an inmate will be imprisoned and to direct his or her transfer to another facility[.]"  <u>Garza v. Davis</u>, 596 F.3d 1198, 1201 (10th Cir. 2010).   The Bureau of Prisons has designated the Federal Correctional Institution of Yazoo City, Mississippi as the place of imprisonment for petitioner and transferred her to that facility.  Petitioner has not cited, and the court has not found, any authority to permit the court to order the Bureau of Prisons to transfer petitioner back to the Federal Transfer Center.  Although petitioner sought, pursuant to Rule 23(a), Fed. R. App. R., to preclude her transfer to the Yazoo City correctional facility after she filed her petition, that rule would not have provided authority for this court to grant petitioner the requested relief.  Rule 23(a), Fed. R. App. P. ("*Pending review of a decision in a habeas corpus proceeding commenced before a court . . .* for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another[.]") (emphasis added);  *see also*, <u>Hairston v. Nash</u>, 165 Fed. Appx. 233, 235 (3d Cir. 2006) (Rule 23(a) "is inapplicable to habeas petitions for which no decision has been issued and which are, therefore, not 'pending' appellate review.")  And Rule 23(a) does not authorize the court to order her transfer back to the Federal Transfer Center.

Having conducted a *de novo* review pursuant to 28 U.S.C. § 636(b)(1), it appears that petitioner has filed her § 2241 petition seeking relief based upon the savings clause of § 2255(e).  <u>Hale v. Fox</u>, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom.* <u>Hale v. Julian</u>, 137 S.Ct. 641 (2017) ("[I]n rare instances . . .  a prisoner may attack [her] underlying conviction by bringing a § 2241 habeas corpus application under the 'savings clause' in § 2255(e)" if § 2255 is adequate or ineffective to test the legality of her detention.) (internal citation and quotation marks

omitted). Nonetheless, even if petitioner is challenging the legality of her detention, rather than challenging the execution of her sentence, petitioner's § 2241 petition is moot as determined by Magistrate Judge Mitchell. During these proceedings, petitioner was transferred to the Federal Correctional Institution in Yazoo City, Mississippi. Thus, the respondent in this case, the warden of the Federal Transfer Center, no longer has custody of petitioner and is powerless to provide any relief this court might order by way of petitioner's § 2241 petition. And because petitioner is detained in Mississippi, he is "outside the 'district of confinement' and therefore outside the scope of [this court's] habeas jurisdiction." Griffin v. Kastner, 507 Fed. Appx. 801, 802 (10th Cir. 2013) (quoting and citing Rumsfeld v. Padilla, 542 U.S. 426 (2004)) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). "With no 'effectual relief' possible, [] [petitioner's] petition is moot." Griffin, 507 Fed. Appx. at 803 (quoting Prier v. Steed, 456 F.3d 1209, 1212-1213 (10th Cir. 2006)). The court therefore concurs with Magistrate Judge's Mitchell's recommendation that petitioner's § 2241 petition, amended petitions and supplement should be dismissed without prejudice and the adoption of the recommendation renders moot the other outstanding motions.

In her objection, petitioner objects to Magistrate Judge Mitchell's determinations that petitioner's pleadings challenge the conditions of her confinement and the execution of her sentence. Because petitioner represents that she is only challenges the legality of her detention under § 2241 based upon the "savings clause" of § 2255(e), the court finds it unnecessary to address those specific determinations.

Based upon the foregoing, petitioner, Darnell Nash's "A Motion Requesting a Court Order" (doc. no. 19), filed April 17, 2020, is **DISMISSED** for lack of jurisdiction. The Report and Recommendation (doc. no. 16), issued by United States Magistrate Judge Suzanne Mitchell on April 7, 2020, is **ACCEPTED**, **ADOPTED**

and **AFFIRMED** to the extent it recommends that petitioner's petition, amended petitions and supplement should be dismissed without prejudice.  Petitioner, Darnell Nash's petition, amended petitions and supplement (doc. nos. 1, 7, 8 and 14) are **DISMISSED WITHOUT PREJUDICE**.  All other outstanding motions (doc. no. 6, 13, and 21) are **DENIED** as **MOOT**.

IT IS SO ORDERED this 29th day of April, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0160p001.docx