# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARNELL NASH, | ) |
|      Petitioner, | ) ) ) |
| -vs- | )   Case No. CIV-20-160-F ) |
| WARDEN OKLAHOMA TRANSFER CENTER, | ) ) ) ) |
|      Respondent. | ) |

## ORDER

On April 29, 2020, the court entered an order dismissing without prejudice petitioner, Darnell Nash's *pro se* petition, amended petitions and supplement purportedly seeking relief under 28 U.S.C. § 2241 based upon the savings clause of 28 U.S.C. § 2255(e). Doc. no. 24. The reason for dismissal was that the § 2241 petition, amended petitions and supplement were moot. During the proceedings, petitioner had been transferred from the Federal Transfer Center in Oklahoma City, Oklahoma to the Federal Correctional Institution in Yazoo City, Mississippi. The court found that because of the transfer, the named respondent for petitioner's § 2241 action (the warden of the Federal Transfer Center) no longer had custody of petitioner and therefore was powerless to provide any relief the court might order by way of petitioner's § 2241 petition. Relying upon <u>Griffin v. Kastner</u>, 507 Fed. Appx. 801, 802-803 (10th Cir. 2013), the court found that "[w]ith no effectual relief possible" for petitioner, the § 2241 petition was moot. *Id*. at p. 5.

Presently before the court is petitioner's motion for reconsideration of the court's dismissal order.  Doc. no. 28.  Petitioner[1] contends that the "savings clause relief" she seeks "is not directed at [her] current custodian in Mississippi." According to petitioner, she seeks "a court order directing the sentencing court[2] to re-sentence [her]."  Id.  Therefore, because her relief is not directed at her Mississippi custodian, petitioner objects to the court's order dismissing her pleadings as moot.

Because a motion for reconsideration does not exist in the Federal Rules of Civil Procedure, the court may construe petitioner's post-judgment motion as either a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., or a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P.  See, Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc., 680 F.3d 1194, 1200 (10th Cir. 2011).  If the motion is timely under both rules (as petitioner's motion is), how the court construes it depends upon the reason or reasons expressed by petitioner.  Id. (citing Jennings v. Rivers, 394 F.3d 850, 855 (10th Cir. 2005)).  "A Rule 59(e) motion is the appropriate vehicle to correct manifest errors of law or to present newly discovered evidence."  Id. (quotations omitted).  "A Rule 60(b) motion is appropriate for, among other things, 'mistake, inadvertence, surprise, or excusable neglect' and 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial.'"  Id. (quoting Rule 60(b)(1), (2), Fed. R. Civ. P.).  Here, the court construes petitioner's motion as a Rule 59(e) motion because petitioner is seeking to correct an alleged error of law.

---

[1] Petitioner is a transgender female.

[2] Petitioner was sentenced for various crimes by the United States District Court for the Northern District of Ohio.

Upon review, the court concludes that its ruling is not in error.  Although petitioner appears to be seeking relief based upon the "savings clause" under § 2255(e), she is seeking her relief by way of a § 2241 petition.  "District courts are limited to granting habeas relief 'within their respective jurisdictions.'"  Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)).  For § 2241 petitions, this requires that the district court have jurisdiction "over the custodian." *Id*. (quotation omitted).  Because petitioner is now incarcerated in Mississippi, this court lacks jurisdiction over her custodian.  Consequently, the court is powerless to effectuate any relief under § 2241.  Griffin v. Kastner, 507 Fed. Appx. at 803; *see also*, Berry v. Fox, 704 Fed. Appx. 789, 790 (10th Cir. 2017); Gorbey v. Warden, F.T.C., No. CIV-14-0163-HE, 2014 WL 2548105, at *1-2 (W.D. Okla. Jun. 5, 2014), *aff'd sub nom.* Gorbey v. Warden of Fed. Transfer Ctr., 580 Fed. Appx. 682 (10th Cir. 2014).  Thus, petitioner's pro se § 2241 petition, amended petition and supplement are moot and the court was correct to dismiss them without prejudice.

Accordingly, petitioner, Darnell Nash's motion for reconsideration, filed May 11, 2020 (doc. no. 28), construed as a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., is **DENIED**.

IT IS SO ORDERED this 15th day of May, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0160p004.docx